IN THE CIRCUIT COURT OF MARYLAND
FOR PRINCE GEORGE'S COUNTY

ALXANDER ZAJAC,  )
   225 Lastner Ln, Greenbelt, MD 20770,  )
  )  CIVIL ACTION NO.
   Plaintiff,  )
  )  CAL22-04042
   v.  )
  )
EMMETT JORDAN,  )
   7714 Hanover Pkwy, Unit 106,  )
   Greenbelt, MD 20770,  )
  )
   in his professional capacity as Mayor,  )
   and  )
   in his person capacity,  )
  )
   Defendant.

## COMPLAINT

Plaintiff Alexander Zajac alleges the following against Defendant Emmett Jordan based on personal knowledge as to Plaintiff and Plaintiff's own acts and on information and belief as to all other matters based upon, *inter alia*, the investigation conducted by and through Plaintiff:

## NATURE OF THE CASE

1. This is an action against the Defendant for declaratory judgement, injunctive relief, attorneys' fees, costs, and other appropriate relief because Defendant violated the Americans with Disabilities Act (hereinafter "the ADA") (42 U.S.C. § 12101 *et seq.*).

2. This is also an action against the Defendant for declaratory judgement, injunctive relief, damages, and other appropriate relief because Defendant violated 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

3. This Court has jurisdiction at least under Md. Code Ann., Cts. & Jud. Pro. § 6-102(a) (2019).

SHERIFF #22017385
EMMETT JORDAN
AREA 08

NOR Exhibit A, Page 20 of 69

Circuit Court for Prince George's County, Maryland           Case No. _6AZ16-04042_

__Alexander Zajac__          vs.     __Emmett Jordan__
Plaintiff                                                  Defendant

## SHERIFF RETURN

I certify that I served _____

on _____ at _____

A copy of the following documents (Check all that apply):

☐ Subpoena _____
                    Issue Date

☐ Writ of Summons _____
                                Issue Date

☒ Complaint/Petition/Motion: _Declaratory Judgement, Injunctive Relief_
                                              List name of complaint/petition/motion

☐ Domestic Case Information Report (DCIR Form)

☐ Financial Statement

☐ Show Cause Order and Petition: _____
                                                        List type of Petition

☐ Other: _____
                    List all other documents served

☐ The above named person was personally served

OR

☐ The person I left the papers with _____
acknowledged being: (1) a resident of the above-listed address; (2) of suitable age and discretion in that the relationship to the defendant is _____ and that; (3) the above-listed address is the defendant's residence or usual place of abode.

OR

☐ Alternate service by _____
                                Type of Service

OR

☒ Non-Est _Bad Address. No Unit #106 in building_
                         Reason for Non-Est

_3/28/22 @1100_   _Cpl Ziegler_         _Cpl Ziegler_       _392_
Date            Sheriff Signature       Printed Name        ID#

**NOR Exhibit A, Page 21 of 69**

4. Venue is proper in this Court at least under Md. Code Ann., Cts. & Jud. Pro. § 6-201(a) (2019) because Defendant is a person domiciled at 7714 Hanover Pkwy, Unit 106, Greenbelt, MD, in Prince George's County.

5. Plaintiff requests that this Court issue a summons, along with a copy of the papers Plaintiff is filing herewith and a blank copy of the information report form required to be provided by Rule 16-302(b), to the sheriff of Prince George's County to effect service to Defendant at his domicile, in accordance with Rule 2-112(a).

6. Plaintiff's claims arise in whole or in part in Prince George's County of the State of Maryland.

### THE PARTIES

7. Plaintiff Alexander Zajac is a person domiciled in Prince George's County of the State of Maryland.

8. Plaintiff has poor eyesight that necessitates he wear corrective lenses.

9. Plaintiff's corrective lenses make it far more difficult for Plaintiff to read letters embed in images rather than letters displayed as plain text.

10. Defendant Emmett Jordan is a person domiciled in Prince George's County of the State of Maryland.

11. According to the Maryland Department of Assessments & Taxation, Defendant owns 7714 Hanover Pkwy, Unit 106, Greenbelt, MD, and maintains the same as his principal place of residence.

12. Defendant has committed, or at least initiated, the acts complained of herein in Prince George's County of the State of Maryland.

## FACTS

13. Defendant was elected to the city council in November of 2021. Subsequently, he was elected to serve as Mayor by the city council.

14. Defendant maintains a Facebook page called "Mayor Emmett Jordan" and a Facebook profile called "Emmett Jordan," and both of these accounts are members of a private Facebook group called "Greenbelters".

15. Defendant also maintains a Twitter account with handle @EmmettJordan4MD and with a display name of "Emmett Jordan".

16. On February 12, 2022, Defendant posted to his page "Mayor Emmett Jordan" a post that included the following text: "Free health screenings at Beltway Plaza Mall and Greenbelt Aquatic and Fitness Center Saturday (02/12) from 10-3pm in honor of Black History Month. All are welcome!!!"

17. The post included a picture with information about where in the parking lot the health screenings would be provided as well as which screenings would be provided. Defendant did not include this information in text.

18. Defendant duplicated this post in the "Greenbelters" group. *See* Exhibit A (screenshot of the post taken by Plaintiff on February 13, 2022).

19. Defendant also created a Facebook "event" that was "hosted" by his page. The event included the same picture as the Facebook posts. *See* Exhibit B (screenshots of the event taken by Plaintiff on February 13, 2022). Defendant did not include the information from the image in text and did not include any hyperlink to a website offering this information in text.

20. Defendant similarly posted to his Twitter account a tweet that included the following text: "Free health screenings at @BeltwayPlaza and GreenbeltAquatic [sic] & Fitness Center - Saturday (02/12) from 10-3pm in honor of Black History Month."

21. The tweet included the same picture as the Facebook posts. Defendant did not include the information from the image in text.

22. Plaintiff, in a comment on the post in the "Greenbelters" group, asked Defendant to "make the details in that image available to folks with screen readers".

23. Regardless of Defendant's Facebook page's status under Chapter 3 of the ADA, Plaintiff assumed that Defendant did not want to classify his page as subject to Chapter 2 of the ADA. Accordingly, Plaintiff indicated that he thought Defendant's Facebook page was "technically [his] campaign's page".

24. Defendant refused this categorization, stated that his page is "a 'government official' page" and "not a 'campaign page'", and said that he uses it "to share city-related information". *See* Exhibit C (screenshot of Defendant's admission taken by Plaintiff on February 13, 2022).

25. In other words, Defendant admits that his Facebook page represents the Office of Mayor and thus the City of Greenbelt, which is a "public entity" under 42 U.S.C. § 12131(a).

26. According to the Department of Justice, 42 U.S.C. § 12132 requires that all public entities "ensure that communications with individuals with disabilities are as effective as communications with others." *See* "The ADA and City Governments: Common Problems," *available at* https://www.ada.gov/comprob.htm.

4

27. As a result, Defendant's refusal to provide the same information to Plaintiff (who has poor eyesight) and to residents who use screen readers as he was providing to other residents is violative of 42 U.S.C. § 12132.

28. Regardless of the status of Defendant's Facebook page under Chapter 3 of the ADA, Defendant's Facebook page is subject to the same requirements as a "public accommodation" under 42 U.S.C. § 12181(7).

29. As long as Defendant's Facebook page has a "nexus between [the] website" and a "physical" place of public accommodation, then Chapter 3 of the ADA applies. *Robles v. Domino's Pizza, LLC*, No. 17-55504 (9th Cir, Jan. 15, 2019), slip op. at 12, *cert. den'd* 589 U.S. ___, Order List (Oct. 7, 2019) at 18.

30. Defendant uses the title "Mayor" on the page and uses it "to share city-related information" according to Defendant's own admissions. This ties the Facebook page to Defendant's work at the Greenbelt Municipal Building at 25 Crescent Rd, Greenbelt, MD. The Municipal Building is both a "social service center establishment" and a "place of public gathering" under 42 U.S.C. § 12181(7).

31. Defendant also engages in numerous posts about deals and services provided by local businesses that are places of "public accommodation" under 42 U.S.C. § 12181(7). This ties the Facebook page to these places of public accommodation.

32. As a result, Defendant's refusal to provide the same information to Plaintiff (who has poor eyesight) and to residents who use screen readers as he was providing to other residents is violative of 42 U.S.C. § 12182.

33. Most of the tweets on Defendant's Twitter feed are substantial duplicates of those on his Facebook page. Accordingly, Defendant's Twitter account is similarly subject to Chapter 3 of the ADA and/or Chapter 2 of the ADA.

34. Whether Defendant's Facebook page and Twitter account are subject to Chapter 3 of the ADA and/or Chapter 2 of the ADA, Defendant decided he was not done violating the law. He promptly moved to willfully violate Chapter 4 of the ADA as well.

35. Within minutes of admitting that his page was subject to Chapter 2 of the ADA, Defendant switched to his Facebook profile (likely on the very same electronic device he was already using) and decided to retaliate against Plaintiff.

36. By its own terms, Chapter 4 of the ADA applies to any "person" (42 U.S.C. § 12203(a)). Accordingly, Defendant switching to his Facebook profile in order to retaliate is unable to save him from violating 42 U.S.C. § 12203(a).

37. In response to Plaintiff's request to "make the details in that image available to folks with screen readers", Defendant wrote: "I'm sorry that you are bitter about the results of the last City Council election. I hope you can find some more constructive ways to become engaged in the affairs of the City." *See* Exhibit A (screenshot of Defendant's retaliation taken by Plaintiff on February 13, 2022).

38. This is unlawful retaliation under 42 U.S.C. § 12203(a). Additionally, this is an unlawful attempt to "intimate" and "threaten" Plaintiff, under 42 U.S.C. § 12203(b), for trying to help himself and others "in the exercise or enjoyment" of their rights under the ADA.

39. This court should also recognize just how lawless it is to categorize a request for reasonable accommodation under the ADA as **an unconstructive way of being involved in a**

6

**city's affairs**. Defendant must be held accountable for his purposeful and spiteful disregard of what the law requires.

## FIRST CLAIM FOR RELIEF
## DECLARATORY JUDGEMENT AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY

40. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 39.

41. Defendant violated 42 U.S.C. § 12133 by discriminating against Plaintiff in Defendant's promulgation of information on his Facebook page, which he admits speaks for a public entity.

42. Defendant also violated 42 U.S.C. § 12203 by intimidating Plaintiff in relation to Plaintiff's insistence on his right to equal access to information on his Facebook page, which he admits speaks for a public entity.

43. By denying Plaintiff his rights under the ADA, Defendant also violated 42 U.S.C. § 1983.

44. Plaintiff requests declaratory judgement that Defendant violated the ADA and 42 U.S.C. § 1983 in his official capacity.

## SECOND CLAIM FOR RELIEF
## DECLARATORY JUDGEMENT AGAINST DEFENDANT IN HIS PERSONAL CAPACITY

45. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 44.

46. Defendant violated 42 U.S.C. § 12182 by discriminating against Plaintiff in Defendant's promulgation of information on his Facebook page, which has a nexus to places of public accommodation.

47. Defendant also violated 42 U.S.C. § 12203 by threatening Plaintiff in relation to Plaintiff's insistence on his right to equal access to information on his Facebook page, which has a nexus to places of public accommodation.

48. By denying Plaintiff his rights under the ADA, Defendant also violated 42 U.S.C. § 1983.

49. Plaintiff requests declaratory judgement that Defendant violated the ADA and 42 U.S.C. § 1983 in his personal capacity.

### THIRD CLAIM FOR RELIEF
### INJUNCTIVE RELEIF AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY

50. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 49.

51. Consistent with 42 U.S.C. § 12133 and 29 U.S.C. § 794a, Plaintiff is entitled to injunctive relief against continued violation of the ADA by Defendant in his official capacity.

52. Plaintiff is also entitled to injunctive relief under 42 U.S.C. § 1983.

53. Consistent with 42 U.S.C. § 12203(c), 42 U.S.C. § 12133, and 29 U.S.C. § 794a, Plaintiff is entitled to injunctive relief against continued retaliation in violation of the ADA by Defendant in his official capacity.

### FOURTH CLAIM FOR RELIEF
### INJUNCTIVE RELIEF AGAINST DEFENDANT IN HIS PERSONAL CAPACITY

54. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 53.

55. Consistent with 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3, Plaintiff is entitled to injunctive relief against continued violation of the ADA by Defendant in his person capacity.

56. Plaintiff is also entitled to injunctive relief under 42 U.S.C. § 1983.

57. Consistent with 42 U.S.C. § 12203(c), 42 U.S.C. § 12188, and 42 U.S.C. § 2000a-3, Plaintiff is entitled to injunctive relief against continued retaliation in violation of the ADA by Defendant in his personal capacity.

### FIFTH CLAIM FOR RELIEF
### ATTORNEYS' FEES AND COSTS AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY

58. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 57.

59. Consistent with 42 U.S.C. § 12133 and 29 U.S.C. § 794a, Plaintiff is entitled to an award of attorney's fees from Defendant in his official capacity.

60. Plaintiff is also entitled to attorney's fees consistent with 42 U.S.C. § 12203(c), 42 U.S.C. § 12133, and 29 U.S.C. § 794a.

61. Consistent with Md. R. Civ. P. 2-603(a), Plaintiff is entitled to costs.

### SIXTH CLAIM FOR RELIEF
### DAMAGES, ATTORNEYS' FEES, AND COSTS AGAINST DEFENDANT IN HIS PERSONAL CAPACITY

62. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 61.

63. Plaintiff is entitled to damages from Defendant in his personal capacity, in an amount to be determined at trial, under 42 U.S.C. § 1983.

64. Consistent with 42 U.S.C. § 12188 and 42 U.S.C. § 2000a-3, Plaintiff is entitled to an award of attorney's fees from Defendant in his person capacity.

65. Plaintiff is also entitled to attorney's fees consistent with 42 U.S.C. § 12203(c), 42 U.S.C. § 12188, and 42 U.S.C. § 2000a-3.

66. Consistent with Md. R. Civ. P. 2-603(a), Plaintiff is entitled to costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment in its favor on each and every claim for relief set forth above and award Plaintiff relief including, but not limited to, the following:

A.  Declaratory judgement that Defendant in his official capacity violated the ADA as well as 42 U.S.C. § 1983;

B.  An injunction ordering Defendant, in his official capacity, to refrain from posting information only in images on Defendant's social media accounts;

C.  An award of attorneys' fees, consistent with 42 U.S.C. § 12203, 42 U.S.C. § 12133, 29 U.S.C. § 794a(b), and Md. R. Civ. P. 2-703(f), as well as an award of costs, consistent with Md. R. Civ. P. 2-603(a), against Defendant in his official capacity;

D.  Declaratory judgement that Defendant in his official person violated the ADA as well as 42 U.S.C. § 1983;

E.  An injunction ordering Defendant, in his person capacity, to refrain from posting information only in images on Defendant's social media accounts;

F.  An award of damages, in an amount to be determined at trial, against Defendant in his personal capacity, consistent with 42 U.S.C. § 1983;

G.  An award of attorneys' fees, consistent with 42 U.S.C. § 12203, 42 U.S.C. § 12188(a), 42 U.S.C. § 2000a-3, and Md. R. Civ. P. 2-703(f), as well as an award of costs, consistent with Md. R. Civ. P. 2-603(a), against Defendant in his personal capacity; and

H.      Any other relief as this Court may deem appropriate.

Respectfully submitted,

Date: February 16, 2022          By: _____
                                 Alexander Zajac
                                 CPF No. 1906190113
                                 ajz26@georgetown.edu
                                 225 Lastner Ln,
                                 Greenbelt, MD 20770
                                 Phone No.: (240) 965-5317

# EXHIBIT A

 **Mayor Emmett Jordan** shared an event.
February 11 at 4:02 PM

Free health screenings at Beltway Plaza Mall and Greenbelt Aquatic and Fitness Center Saturday (2/12) from 10-3pm in honor of Black History Month. All are welcome!!!

**FREE COMMUNITY HEALTH SCREENINGS:**
No appointment necessary - screenings will be on a first come, first serve basis.

 **KAISER PERMANENTE** Mobile Health Vehicle
Saturday, February 12th; 10:00am-3:00pm
Beltway Plaza Mall - Front Parking Lot, 6000 Greenbelt Rd
Blood Pressure, BMI, and Glucose Testing. Will be parked in front of the Mall near the entrance to TJ Maxx.

 **Luminis Health** Wellness Mobile
Saturday, February 12th; 10:00am-3:00pm
Greenbelt Aquatic and Fitness Center Parking Lot, 101 Centerway
Blood Pressure, A1C (glucose), Cholesterol and Glucose. Appropriate screenings will be determined case by case based on an assessment when the participant arrives.

SAT, FEB 12
**Free Health Screenings**
Greenbelt Rd, Greenbelt, MD 20770, United States     ☆ Interested
Shared to Greenbelters

👍 5                                                    6 Comments

   👍 Like                                              💬 Comment

**NOR Exhibit A, Page 32 of 69**

# EXHIBIT B

**FREE COMMUNITY HEALTH SCREENINGS:**
No appointment necessary - screenings will be on a first come, first serve basis.

**KAISER PERMANENTE Mobile Health Vehicle**
Saturday, February 12th; 10:00am-3:00pm
Beltway Plaza Mall - Front Parking Lot, 6000 Greenbelt Rd
Blood Pressure, BMI, and Glucose Testing. Will be parked in front of the Mall near the entrance to TJ Maxx.

**Luminis Health Wellness Mobile**
Saturday, February 12th; 10:00am-3:00pm
Greenbelt Aquatic and Fitness Center Parking Lot, 101 Centerway
Blood Pressure, A1C (glucose), Cholesterol and Glucose. Appropriate screenings will be determined case by case based on an assessment when the participant arrives.

**12**

SATURDAY, FEBRUARY 12, 2022 AT 10 AM EST
Free Health Screenings
Greenbelt Rd, Greenbelt, MD 20770, United States

About | Discussion

### Details

- Event by Mayor Emmett Jordan
- Greenbelt Rd, Greenbelt, MD 20770, United States
- Duration: 5 hr
- Public · Anyone on or off Facebook

Luminis Health, Doctors Hospital and Kaiser Permanente are providing a range of free health screenings in Greenbelt in honor of Black History Month. All are welcome, and no appointment is needed

Health & Medical

Greenbelt Rd, Greenbelt, MD 20770, United States

SATURDAY, FEBRUARY 12, 2022 AT 10 AM EST
Free Health Screenings
Greenbelt Rd, Greenbelt, MD 20770, United States

About | Discussion

Add a Post

### Details

- Event by Mayor Emmett Jordan
- Greenbelt Rd, Greenbelt, MD 20770, United States
- Duration: 5 hr
- Public · Anyone on or off Facebook

Luminis Health, Doctors Hospital and Kaiser Permanente are providing a range of free health screenings in Greenbelt in honor of Black History Month. All are welcome, and no appointment is needed

Health & Medical

Privacy · Terms · Advertising · Ad Choices · Cookies · More
· Meta © 2022

**RECENT ACTIVITY**

Mayor Emmett Jordan created an event.
February 11 at 3:59 PM

**FREE COMMUNITY HEALTH SCREENINGS:**
No appointment necessary - screenings will be on a first come, first serve basis.

**KAISER PERMANENTE Mobile Health Vehicle**
Saturday, February 12th; 10:00am-3:00pm
Beltway Plaza Mall - Front Parking Lot, 6000 Greenbelt Rd
Blood Pressure, BMI, and Glucose Testing. Will be parked in front of the Mall near the entrance to TJ Maxx.

**Luminis Health Wellness Mobile**
Saturday, February 12th; 10:00am-3:00pm
Greenbelt Aquatic and Fitness Center Parking Lot, 101 Centerway
Blood Pressure, A1C (glucose), Cholesterol and Glucose. Appropriate screenings will be determined case by case based on an assessment when the participant arrives.

SAT, FEB 12
Free Health Screenings
Greenbelt Rd, Greenbelt, MD 20770, United States
Shared to Greenbelters

☆ Interested

👍 Like | 💬 Comment | ↗ Share

Write a comment...

**EXHIBIT C**


**Mayor Emmett Jordan** Author
Alex Zajac My page, Mayor Emmett Jordan is registered as a "government official" page and is not a "campaign page", as you can tell from the content. I use it to share city-related information and strive to keep it separate from my personal page (Emmett Jordan).

Like   Reply   4d

## EXHIBIT D


**Emmett Jordan**
I'm sorry that you are bitter about the results of the last City Council election. I hope you can find some more constructive ways to become engaged in the affairs of the City.

Like   Reply   4d